STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| **ABDUL GHAZNAWI;** | CASE NO.: |
|---|---|
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| v. | 1. Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (*Conditions of Confinement Amounting to Punishment/ Excessive Force*) |
| | 2. Violation of Fourteenth Amendment Rights 42 U.S.C § 1983(*Conditions of Confinement Amounting to Punishment*) |
| SAN JOAQUIN COUNTY AND SHERIFF DEPUTIES DOES 1-50 | |
| **Defendants.** | **DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants San Joaquin County and Sheriff's Deputies DOES 1-50, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## PARTIES

1. Plaintiff ABDUL GHAZNAWI, was at all times relevant to this complaint, living in San Joaquin County, which is located within the Eastern District of California.

2. SAN JOAQUIN COUNTY is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California and it is a municipality located within the Eastern District of California.

3. Defendants San Joaquin County Deputies DOE 1-50 were employed by San Joaquin County at the time of the incident. These individuals are being sued in their individual capacities and will be identified and named in the complaint once their identities have been ascertained by the Plaintiff.

4. *All defendants* acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Placer County which is in the Eastern District.

### III. STATEMENT OF FACTS

6. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

7. On April 28, 2021, Plaintiff was arrested inside San Joaquin County and brought to the San Joaquin County Jail.

8. From April 28th to April 30th, Plaintiff was deprived of any food or water and he repeatedly attempted to inform deputies to provide him with food and water to no avail.

9. On May 1, 2021, the Plaintiff was brought out of his cell by DOE Defendants and without any provocation or threat of violence posed by the Plaintiff, the deputies took the Plaintiff down to the ground face first with extreme force.

10. As a result of being taken to the ground hitting his face, the Plaintiff suffered a broken nose. During this time, it is alleged that the Plaintiff was also tased and struck with a flashlight.

11. Plaintiff was taken to San Joaquin County General Hospital where he was diagnosed as having suffered some of the following injuries: deviated septum, nasal fracture, neck pain.

### IV. CAUSES OF ACTION

### FIRST CLAIM
**Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 against San Joaquin County DOE Defendants (*Conditions of Confinement- Punishment/Excessive Force*)**

12. Plaintiff incorporates herein by reference the preceding paragraphs 1-11 of this complaint as fully set forth herein.

13. That Defendant DOES 1-50, acting under color of law, used unreasonable and excessive force by deliberately and intentionally taking the Plaintiff down to the ground face first with extreme force, causing him to suffer a broken nose.

14. That the Defendants used unreasonable and excessive force, by deliberately and intentionally tasing the Plaintiff and striking him with a flashlight.

15. That at the time that these methods of force were used, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) other alternative methods were available to effectuate a seizure and (v) the conduct of the Defendants did not serve a legitimate penological goal.

16. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the Defendants' actions.

17. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

18. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

19. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CLAIM
**Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 against San Joaquin County Deputies (*Conditions of Confinement- Punishment*)**

20. Plaintiff incorporates herein by reference the preceding paragraphs 1-19 of this complaint as fully set forth herein.

21. That Defendant DOES 1-50, acting under color of law, acted with deliberate indifference to the Plaintiff's life necessities by depriving the Plaintiff of any food or water for two days, subjecting the Plaintiff to conditions of confinement that amounted to punishment in violation of the Fourteenth Amendment.

22. That Defendants depriving Plaintiff of any food or water for two days was not related to a legitimate governmental objective or legitimate goal and amounted to punishment.

23. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the Defendants' actions.

24. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

25. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

26. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## *Monell Claim Against San Joaquin County*

27. Plaintiff is informed and believes that San Joaquin County has failed to train and supervise or has provided inadequate training and supervision of its deputies to ensure they conduct their actions in accordance with state and federal law; and the COUNTY has acted with deliberate indifference in failing to properly train its deputies or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983 and are the following:

28. San Joaquin County provides no training or inadequate training to guide deputies regarding the prevention of engaging in the use of unnecessary force on inmates such slamming inmates faces to the ground, causing them to suffer nasal factures.

29. San Joaquin County provides no training or inadequate training to guide deputies regarding the prevention of engaging in the deprivation of food and water to county pre-trial inmates.

## **V. PRAYER FOR RELIEF**

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: October 24, 2022          */s/ STANLEY GOFF*_____
                                  STANLEY GOFF
                                   Attorney for Plaintiff