UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL GHAZNAWI,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN COUNTY,<br><br>        Defendant. | Case No. 2:22-cv-01988-MCE-CSK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING DEFENDANT'S MOTION TO STRIKE<br><br>(ECF Nos. 20, 27) |

    Presently before the Court is Defendant San Joaquin County's motion to compel discovery responses pursuant to Federal Rule of Civil Procedure 37(a), and his corresponding motion to strike Plaintiff Abdul Ghaznawi's Joint Discovery Statement.[1] (ECF Nos. 20, 27.) The Court held a hearing on April 10, 2024, wherein attorney Stanley Goff appeared for Plaintiff and attorney Suli Mastorakos appeared for Defendant.

    For the reasons that follow and as stated at the hearing, Defendant's motion to compel is GRANTED and Defendant's motion to strike Plaintiff's Joint Discovery Statement is DENIED. As provided in more detail below, Plaintiff shall have until May 10, 2024 to serve supplemental responses to Defendant's Interrogatories Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 17 and produce documents responsive to Defendant's Request for

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

Production of Documents (RFPs), Set One, Nos. 1-10. After supplementing his interrogatory responses and producing responsive documents, and no later than May 10, 2024, Plaintiff shall also file with the Court a written status report stating Plaintiff has supplemented his interrogatory responses and produced responsive documents, and provide the manner and date of service. The parties shall have until May 24, 2024 to meet and confer by phone, video, or in-person regarding Plaintiff's supplemental responses and document production. Parties shall have until June 3, 2024 to file a joint statement providing a discovery status update, including the status of the parties' meet and confer regarding Plaintiff's supplemental responses and document production. Finally, certain discovery deadlines are continued as outlined below. No other deadlines are continued.

## I. BACKGROUND

### A. Facts

As relevant to the pending motion to compel, the complaint asserts causes of action against Defendant for use of excessive force and deprivation of food and water while Plaintiff was incarcerated in the San Joaquin County Jail in violation of the Fourth and Fourteenth Amendments. (ECF No. 1 (Compl.).) Plaintiff also appeared to set forth a claim pursuant to *Monell* v. *Dep't. of Soc. Servs.*, 436 U.S. 658 (1978), against Defendant for its alleged failure to train and supervise its deputies in their use of excessive force and deprivation of food and water to inmates. (ECF No. 1 at 6.) On February 1, 2023, the Court granted Defendant's motion to dismiss and dismissed Plaintiff's purported *Monell* claim. (ECF No. 8.) The Court granted Plaintiff leave to amend but advised that if no amended pleading was timely filed, the *Monell* claim would be deemed dismissed with no further action required. (ECF No. 8 at 2.) Plaintiff did not file an amended complaint, and on March 8, 2023, the Court dismissed Plaintiff's *Monell* claim with prejudice. (ECF No. 10.) Defendant answered, denying these allegations. (ECF No. 9 (Answer).)

///

### B. Events Relevant to the Discovery Dispute

On November 2, 2022, District Judge Morrison C. England, Jr. issued a scheduling order setting the following deadlines: fact discovery cut-off of February 21, 2024; expert witness disclosures due by April 21, 2024; rebuttal expert disclosures due by May 21, 2024; and dispositive motions filed by August 21, 2024. (ECF No. 3.) On December 21, 2023, Plaintiff filed a joint stipulation to continue the scheduling deadlines due to Plaintiff's counsel's COVID-19 illness. (ECF No. 17.) On January 2, 2024, the Court granted the parties' joint stipulation and continued the deadlines as follows: fact discovery cut-off of May 21, 2024; expert witness disclosures due by July 21, 2024; rebuttal expert disclosures due by August 21, 2024; expert discovery cut-off of October 7, 2024; and dispositive motions filed by November 21, 2024. (ECF No. 19.)

On July 20, 2023, Defendant propounded discovery on Plaintiff, which included the following Interrogatories and Requests for Production of Documents (RFPs) at issue here:[2]

> **INTERROGATORY NO. 2:** IDENTIFY all DOCUMENTS that YOU claim support YOUR contention that "Defendant…used excessive force" on YOU, as alleged in paragraph 13 of YOUR COMPLAINT.
>
> **INTERROGATORY NO. 4:** IDENTIFY all DOCUMENTS that YOU claim support YOUR contention that "at the time…force w[as] used… [YOU] did not pose any threat," as alleged in paragraph 15 of YOUR COMPLAINT.
>
> **INTERROGATORY NO. 6:** IDENTIFY all DOCUMENTS that YOU claim support YOUR contention that "at the time…force w[as] used… other alternative methods were available to effectuate a seizure," as alleged in paragraph 15 of YOUR COMPLAINT.
>
> **INTERROGATORY NO. 8:** IDENTIFY all DOCUMENTS that YOU claim support YOUR contention that "there was no objectively reasonable basis for the Defendants' actions," as alleged in paragraph 16 of YOUR COMPLAINT.
>
> **INTERROGATORY NO. 10:** IDENTIFY all DOCUMENTS that YOU claim support YOUR contention that "[t]he conduct of Defendants…was done in conscious disregard of [YOUR]

---

[2] Defendant also served Requests for Admissions, which are not at issue here.

rights," as alleged in paragraph 18 of YOUR COMPLAINT.

**INTERROGATORY NO. 12:** IDENTIFY all DOCUMENTS that YOU claim support YOUR contention that Defendants…acted with deliberate indifference to [YOUR] life necessities," as alleged in paragraph 21 of YOUR COMPLAINT.

**INTERROGATORY NO. 14:** IDENTIFY all DOCUMENTS that YOU claim support YOUR contention that "Defendants…depriv[ed] [YOU] of any food or water for two days," as alleged in paragraph 21 of YOUR COMPLAINT.

**INTERROGATORY NO. 16:** IDENTIFY all PERSONS whom YOU claim to have knowledge of the facts that YOU claim support YOUR first cause of action - Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (*Conditions of Confinement - Punishment/Excessive Force*).

**INTERROGATORY NO. 17:** IDENTIFY all DOCUMENTS, including audio, videos, and photos, that YOU contend support YOUR first cause of action - Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (*Conditions of Confinement - Punishment/Excessive Force*).

And

**RFP NO. 1:** Any and all DOCUMENTS that support YOUR claim for lost wages.

**RFP NO. 2:** Any and all DOCUMENTS from any HEALTHCARE PROVIDER for treatment relating to injuries YOU attribute to the INCIDENT.

**RFP NO. 3:** Any and all billing DOCUMENTS relating to the medical care and/or treatment YOU have received for the injuries or harm YOU attribute to the INCIDENT, including but not limited to, any insurance billing, payment information, itemized statements of charges, payment and write-off records, and records relevant to payment transactions. contend support YOUR claim for punitive damages.

**RFP NO. 4:** Any and all DOCUMENTS evidencing the amount that was paid for the medical treatment you received as a result of the INCIDENT.

**RFP NO. 5:** Any and all DOCUMENTS, including, but not limited to, photos, audio, and video relating to the alleged injuries YOU attribute to the INCIDENT.

**RFP NO. 6:** Any and all DOCUMENTS IDENTIFIED in YOUR response to interrogatory Nos. 17 and 20 served herewith.

**RFP NO. 7:** Any and all DOCUMENTS YOU contend support your denial of the Requests for Admission served herewith.

4

> **RFP NO. 8:** Any and all DOCUMENTS, including, but not limited to, photos, audio, and video that YOU contend support YOUR claim for punitive damages.
>
> **RFP No. 9:** Any and all DOCUMENTS, including, but not limited to, photos, audio, and video that YOU claim support YOUR contention that Defendant is liable to YOU for any of the claims set forth in YOUR COMPLAINT.
>
> **RFP NO. 10:** Any and all DOCUMENTS, including, but not limited to, photos, audio, and video that YOU claim support YOUR contention that Defendant is liable to YOU for YOUR alleged damages.

(ECF No. 23[3] at Exh. B (Def. July 2023 Interrogatories and RFPs).) Defendant served its discovery requests by mail because Plaintiff did not respond to its request for electronic service. (*See* Exh. A (Def. July 7, 2023 email).)

On August 28, 2023, after not receiving Plaintiff's discovery responses, Defendant sent a follow-up email requesting Plaintiff to advise Defendant as to when Plaintiff would be serving his overdue responses. (Exh. C (Def. Aug. through Oct. 2023 emails).) On August 31, 2023, Plaintiff responded, indicating he did not receive Defendant's discovery requests and requested Defendant re-send them electronically. (*Id.*) On August 31, 2023, Defendant re-served the discovery requests by email as requested, and offered to extend the response deadline from the date of the courtesy electronic service. (*Id.*) Defendant further requested confirmation of an electronic service agreement. (*Id.*)

Plaintiff's discovery responses were due on October 2, 2023, but he did not timely serve his discovery responses. On October 3, 2023, Defendant sent a follow-up email to Plaintiff requesting the status of Plaintiff's responses. (*Id.*) Plaintiff did not respond. On October 11, 2023, Defendant again sent a follow-up email to Plaintiff requesting the status of Plaintiff's discovery responses and stating that if no response was received by October 13, 2023, Defendant would be filing a motion to compel with the Court. (*Id.*) On October 12, 2023, Plaintiff responded, stating that his discovery responses were sent by mail and including electronic copies of Plaintiff's discovery responses and verifications.

---

[3]   All exhibits referenced were filed with Defendant's Joint Statement Re Discovery Disagreement. (ECF No. 23.)

5

(Exh. D. (Pl. Oct. 12, 2023 email).) Plaintiff did not produce any documents with his responses. On October 17, 2023, Defendant sent an email informing Plaintiff that his discovery responses were not timely and reminding Plaintiff of their electronic service agreement and to send future responses electronically. (*Id*.) Defendant further informed Plaintiff that several of his discovery responses indicate responsive documents would be produced and to advise Defendant when responsive documents would be received. (*Id*.) Plaintiff did not respond.

On October 27, 2023, Defendant sent a meet and confer letter to Plaintiff indicating that Plaintiff's discovery responses were untimely and insufficient. (Exh. F (Def. Oct. 27, 2023 Letter).) On November 13, 2023, Defendant sent a follow-up email as to the October 27, 2023 meet and confer letter to request Plaintiff's response and whether Plaintiff was willing to engage in the meet and confer process. (Exh. G (Def. Nov. 2023 to Jan. 2024 emails).) Plaintiff did not respond. On December 1, 2023, Defendant sent another follow-up email informing Plaintiff that it would be seeking court intervention due to Plaintiff's lack of response and participation in the meet and confer process. (*Id*.) Plaintiff then responded the same day informing Defendant that he had been "severely ill with Covid 19 and RSV for over several weeks" and that he was still recovering from the illness. (*Id*.) Plaintiff proposed stipulating to extending the fact and expert discovery deadlines. (*Id.*) On December 1, 2023, Defendant agreed to defer filing a motion to compel pending the parties' meet and confer regarding Defendant's October 27 letter, and requested Plaintiff's availability. (*Id.*).

On December 21, 2023, Plaintiff filed a joint stipulation to continue the scheduling deadlines due to Plaintiff's counsel's illness (ECF No. 17), which the district court granted on January 3, 2024 (ECF No. 19). On January 4, 2024, Defendant sent a follow-up email requesting Plaintiff to provide an update as to when Plaintiff's supplemental discovery responses would be provided and if they were not, to provide Plaintiff's availability for a meet and confer call. (Exh. G (Def. Nov. 2023 to Jan. 2024 email).) On January 7, 2024, Plaintiff confirmed that he would be providing supplemental responses

6

but that he would like to meet and confer first. (*Id.*) On January 10, 2024, the parties met and conferred, and Plaintiff agreed to provide his supplemental responses and documents by January 26, 2024. (Exh. H (Def. Jan. 10, 2024 email).)

Plaintiff did not provide his supplemental responses or documents as agreed. On February 6, 2024, Defendant sent a follow-up email informing Plaintiff that it had not received Plaintiff's supplemental discovery responses and asking Plaintiff to advise when to expect them. (Exh. H.) Plaintiff did not respond. On February 13, 2024, Defendant sent another follow-up email requesting Plaintiff provide an update as to the status of his supplemental discovery responses and stating that if no response was received by February 16, 2024, Defendant would be forced to file a motion to compel with the Court. (*Id.*)

Plaintiff did not respond, and on March 15, 2024, Defendant filed the pending motion to compel. (ECF No. 20.) On March 21, 2024, Defendant reminded Plaintiff that a Joint Discovery Statement was due on March 27, 2024. (Exh. I (Def. Mar. 19, 2024 email).) Defendant included its initial draft of the Joint Discovery Statement and requested Plaintiff's draft of his portion of the Joint Discovery Statement. (*Id.*) On March 21, 2024, Plaintiff responded, stating that he was "currently preparing for a upcoming trial in one case and to file a response to a motion for a summary judgment in another case" and that he would provide a draft of Plaintiff's portion of the Joint Discovery Statement by March 25, 2024. (*Id.*) Plaintiff did not provide his portion of the Joint Discovery Statement, and on March 27, 2024, Defendant filed its Joint Discovery Statement with only Defendant's portion. (ECF No. 22 at 2, fn.1.) On March 28, 2024, Plaintiff then filed an untimely Joint Discovery Statement including his portions. (ECF No. 24.) On April 3, 2024, Defendant filed a motion to strike Plaintiff's Joint Discovery Statement as untimely, improper, and meritless. (ECF No. 27.)

## II.  LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ.

P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery...." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may serve on another party requests to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). The responding party then must respond in writing within thirty (30) days, unless otherwise agreed upon, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007).) Further, the responding party must supplement a response if the information

sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A). Any objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). If a court grants the motion, then the court must order the party "whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

### III. DISCUSSION

#### A. Motion to Strike Plaintiff's Joint Discovery Statement

Defendant moves to strike Plaintiff's Joint Discovery Statement as untimely, improper, and meritless. (ECF No. 27.) While the Court agrees Plaintiff's Joint Discovery Statement is untimely, the Court has considered Plaintiff's Joint Discovery Statement in ruling on the pending motion to compel. Accordingly, Defendant's motion to strike is DENIED.

#### B. Motion to Compel

Defendant argues it is entitled to supplemental responses for Defendant's Interrogatories Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 17 and documents responsive to Defendant's RFP Nos. 1-10. Defendant contends that despite making multiple efforts to meet and confer in good faith as to Plaintiff's insufficient responses, Plaintiff has not

served his supplemental discovery responses and documents to date. Defendant contends Plaintiff's inaction has resulted in the improper delay of discovery.

In response, Plaintiff contends he would have served supplemental discovery responses as agreed but that "the last couple of months he has undergone some medical health issues hindering his ability to submit the supplemental discovery requests and Plaintiff, who suffers from severe mental illness has been in and out of jail and is transient, making Plaintiff's counsel efforts to locate him to complete the supplemental response extremely difficult." (ECF No. 24 at 3, 9.) Nevertheless, Plaintiff agreed to submit supplemental responses for Defendant's Interrogatories Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 17 and documents responsive to Defendant's RFP Nos. 1-10. Plaintiff presented no other argument regarding Defendant's interrogatories or RFPs. At the hearing, Plaintiff further confirmed his agreement to supplement his interrogatory responses and to produce documents.

A court must treat an evasive or incomplete disclosure, answer, or response as a failure to respond. Fed. R. Civ. P. 37(a)(4). Here, the record clearly demonstrates that over the course of eight (8) months from August 2023 to March 2024, Plaintiff's counsel repeatedly failed to respond, engage, or cooperate in the discovery process.[4] (*See* Exhs. A-H.) During this eight month-time period, Defendant regularly followed up with Plaintiff after every missed deadline and every failure to respond, professionally and courteously, finally filing this motion to compel only after Plaintiff failed to supplement his interrogatory responses and produce documents as the parties had agreed and only after Plaintiff failed to respond to Defendant's inquiries. Defendant even agreed in December 2023 to a joint stipulation to extend discovery deadlines. But instead of using the additional time granted by the extension, the same pattern emerged of Plaintiff failing to meet deadlines and failing to respond, and Defendant regularly following up. Additionally, despite Plaintiff's agreement to supplement his discovery responses and produce documents on

---

[4] At the hearing, Plaintiff's counsel conceded that the record before the Court was complete and he did not dispute Defendant's account of the discovery issues.

January 7, 2024 by email and confirmed during the parties' January 10, 2024 meet and confer, as of the April 10, 2024 hearing, Plaintiff still had not supplemented his discovery responses or produced any documents.

Accordingly, the Court grants Defendant's motion to compel and orders Plaintiff to supplement his responses to Defendant's Interrogatories Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 17 and to produce documents responsive to Defendant's Request for Production of Documents, Set One, Nos. 1-10 by May 10, 2024, as provided below.

### C. Rule 37 Expenses[5]

If a court grants the motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless: the moving party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984).)

Under Rule 37, awarding reasonable expenses is mandatory here as none of the exceptions are established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Defendant made several good faith attempts continuously over an eight month-time period to obtain discovery from Plaintiff, and Plaintiff's discovery conduct necessitated Court intervention. Plaintiff has also failed to provide substantial justification for his continued failures to timely and sufficiently respond to Defendant's countless discovery efforts, and his failures to follow his own agreements.

The Ninth Circuit affords district courts broad discretion in determining the

---

[5] The Court notes that Defendant indicated it was "willing to drop its request for expenses incurred in bringing the motion" due to the medical issues Plaintiff's counsel raised, but as the Court stated at the hearing, the Court is required to determine whether expenses are appropriate pursuant to Rule 37 when a motion to compel is granted.

1    reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992). The
2    Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees.
3    *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar"
4    method, the number of hours reasonably expended is multiplied by a reasonable hourly
5    rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the
6    relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "Although
7    in most cases, the lodestar figure is presumptively a reasonable fee award, the district
8    court may, if circumstances warrant, adjust the lodestar to account for other factors
9    which are not subsumed within it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978
10   (9th Cir. 2008) (internal citation and quotation marks omitted). While the amount of a fee
11   award is discretionary, the district court must "provide a concise but clear explanation of
12   its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir.
13   2014). The court can "impose a reduction of up to 10 percent—a 'haircut'—based purely
14   on the exercise of its discretion and without more specific explanation," but "[w]here the
15   disparity between the fees requested and those awarded is relatively large, the district
16   court should provide a specific articulation of its reasons for reducing the award." *Costa
17   v. Comm'r of Soc. Sec. Admin*., 690 F.3d 1132, 1135-36 (9th Cir. 2012).

18           The Court is sensitive to the medical issues and client contact and mental health
19   issues raised as substantial justification and circumstances making the award of
20   expenses unjust. (*See* ECF No. 24 at 12-13.) However, at the hearing, Plaintiff's counsel
21   admitted that his medical issues did not prevent him from timely responding and
22   supplementing his discovery responses, and that in fact, he was actively working on
23   other cases in other courts over many months. Moreover, Plaintiff's counsel conceded
24   that after December 1, 2023, Plaintiff's counsel did not inform Defendant of any of
25   counsel's medical or health issues, including those raised in Plaintiff's March 28, 2024
26   Joint Discovery Statement filing. (*See* Exh. G (Pl. Dec. 1, 2023 email).) Plaintiff's counsel
27   also conceded that he never informed Defendant of his client contact or mental health
28   issues prior to Plaintiff's March 28, 2024 Joint Discovery Statement filing. Finally, as

described above, the record clearly demonstrates that Plaintiff repeatedly failed to respond, engage, or cooperate in the discovery process over an eight month-time period from August 2023 to March 2024, and the proffered reasons do not excuse or explain this eight-month failure.

Accordingly, the Court must award Defendant his reasonable expenses incurred in bringing the motion to compel. Defendant submitted that 14 hours were spent preparing the motion to compel at a $225 hourly rate, totaling $3,150 in expenses. (ECF No. 23 (Def. Mar. 27, 2024 Decl. ¶ 25).) Though Plaintiff argued that reasonable expenses should not be awarded under Rule 37, Plaintiff did not challenge defense counsel's hourly rate or time spent on the motion to compel. (*See* ECF No. 24 (Pl. Joint Discovery Statement at 11-13).) At the hearing, the Court ordered Defendant to submit supplemental information regarding its expenses, including information to assess the reasonableness of counsel's hourly rate, which Defendant timely submitted. (ECF No. 29.) The Court finds that defense counsel's hourly rate for an attorney with four years of experience to be reasonable and comparable, if not lower than, the prevailing market rate in the region based on the legal authority presented, including cases where attorneys of comparable experience in this district were awarded hourly rates between $280 to $420. (*See* ECF No. 29 (Def. Apr. 12, 2024 Decl. ¶ 4).) The Court also notes that defense counsel did not submit additional expenses to account for additional time spent on work related to Defendant's motion to compel, including time responding to Plaintiff's untimely Joint Discovery Statement, time spent preparing for the hearing, or participation in the hearing.

Though the Court finds that 14 hours is a reasonable amount of time spent by defense counsel to bring the motion to compel, which was thoroughly presented with detailed exhibits, the Court imposes a 10 percent reduction based on its permitted discretion. *See Costa*, 690 F.3d at 1135-36. The Court has taken into consideration the fact that at the hearing, Plaintiff's counsel's accepted responsibility for his discovery conduct and gave assurance to the Court and Defendant that this conduct would

immediately cease. Therefore, the Court awards Defendant reasonable expenses in the amount of $2,835, which is 90% of the expenses submitted by defense counsel and Plaintiff's counsel is ordered to pay this amount.

### D. Modifications to the Discovery Schedule

At the April 10 hearing, modifications to the discovery schedule were discussed with both parties given the Court's grant of Defendant's motion to compel (ECF No. 20). The new deadlines are reflected in the order section below, as discussed at the April 10 hearing.

## ORDER

Accordingly, the Court ORDERS:

1. Defendants motion to strike Plaintiff's Joint Discovery Statement (ECF No. 27) is DENIED;
2. Defendant's motion to compel (ECF No. 20) is GRANTED;
3. Defendant is awarded its reasonable expenses to bring the motion to compel in the amount of $2,835, which Plaintiff's counsel must pay;
4. In summary, the following modified schedule applies:
   a. By May 10, 2024, Plaintiff shall supplement his responses to Defendant's Interrogatories Nos. 2, 4, 6, 8, 10, 12, 14, 16, and 17, and produce documents responsive to Defendant's RFP Nos. 1-10;
   b. By May 10, 2024, Plaintiff shall file a written status report regarding his supplemental interrogatory responses and document production, and describing the manner and date of service;
   c. By May 24, 2024, the parties shall meet and confer by phone, video, or in-person regarding Plaintiff's supplemental responses and document production;
   d. By June 3, 2024, the parties shall file a joint statement providing a discovery status update, including the status of the parties' meet and confer regarding Plaintiff's supplemental responses and document

production;

e. The fact discovery cut-off of May 21, 2024 is extended to June 21, 2024;

f. The deadline for expert witness disclosures is extended from July 21, 2024 to July 26, 2024;

g. The deadline for rebuttal expert disclosures is extended from August 21, 2024 to August 26, 2024; and

h. **No other case deadlines are modified**. The expert discovery cut-off, dispositive motion filing deadline, and all other deadlines not identified above (*see* ECF Nos. 3, 19) remain unaffected by this order.

Dated:  April 26, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, ghaz.1988.22